## IN THE UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF VIRGINIA
#### Alexandria Division

| | |
|---|---|
| ENTRI LLC,<br><br>    *Plaintiff*,<br><br>v.<br><br>GODADDY.COM, LLC,<br><br>    *Defendant*. | Civil Action No. 1:24-cv-00569 |

## RESPONSE TO MOTION TO SEAL UNREDACTED VERSION OF GODADDY.COM, LLC'S REPLY IN SUPPORT OF MOTION TO DISMISS

Plaintiff Entri, LLC ("Entri"), by counsel, states as follows in response to GoDaddy.com, LLC's ("GoDaddy") Motion to Seal Unredacted Version of its Reply in Support of its Motion to Dismiss (the "Motion"):

This Court previously granted Entri's motions to seal a limited amount of information contained within its original Complaint, First Amended Complaint ("FAC"), and Memorandum in Opposition to GoDaddy's Motion to Dismiss. This Court also previous granted GoDaddy's motion to seal the unredacted version of its Brief in Support of its Motion to Dismiss. In its reply in support of its motion to dismiss, GoDaddy references the same limited set of confidential information included in both its brief in support of its motion to dismiss and in Entri's FAC. Entri now seeks the Court's permission to seal the same kind of information that the Court has ordered to be sealed in the FAC, the memorandum in opposition to GoDaddy's motion to dismiss, and GoDaddy's brief in support of its motion to dismiss, from GoDaddy's reply in support of its motion to dismiss.

1

In the sealed, unredacted version of the FAC, Entri identifies certain of its current clients (the "Current Clients"), prospective clients ("Prospective Clients"), and a former client (the "Former Client"), each of whom have altered, delayed, or terminated their business relationships with Entri because of Defendant GoDaddy's actions.  GoDaddy included the identity of Entri's Current Clients, Prospective Clients, and Former Client in its reply.  Because Entri signed confidential agreements with the Current Clients and the Former Client, the identification of those clients in public-facing documents may result in civil liability to Entri.  Furthermore, the disclosure of the names of the Prospective Clients and Current Clients to the public will likely result in significant, competitive harm to Entri and injure Entri's business relationships with those clients.

Moreover, the Court has already recognized this "significant risk of financial injury to Entri," the lack of any significant public interest in the information sought to be sealed, the narrowly tailored request for sealing, and the ultimate propriety of sealing the requested information when it granted a similar request in April for the original Complaint and FAC.  *See* ECF No. 16, 28.  The Court used similar reasoning when it granted the motion to seal GoDaddy's brief in support of its motion to dismiss in August.  *See* ECF No. 59.  The reasons that justified the Court's approving the sealing of the initial Complaint, the FAC, and the brief in support of GoDaddy's motion to dismiss, justify the same action now.  For all these reasons, Entri asks this Court to grant the Motion.

## LEGAL STANDARD

"In determining whether judicial records should be kept under seal, courts consider 'whether the records are sought for improper purposes, such as promoting public scandals or unfairly gaining a business advantage; whether release would enhance the public's understanding of an important historical event; and whether the public has already had access to the information

contained in the records.'" *In re Reporters Comm. for Freedom of the Press to Unseal Crim. Prosecution of Assange*, 357 F. Supp. 3d 528, 533 (E.D. Va. 2019).  In assessing whether a motion to seal should be granted, this Court must: "(1) give public notice of the request to seal and allow interested parties a reasonable opportunity to object, (2) consider less drastic alternatives to sealing the documents, and (3) provide specific reasons and factual findings supporting its decision to seal the documents and for rejecting the alternatives." *Ashcraft v. Conoco, Inc.*, 218 F.3d 282, 288 (4th Cir. 2000).

ARGUMENT

I.      **GoDaddy Has Provided Sufficient Public Notice of the Motion.**

GoDaddy has provided the public adequate notice of the Motion for the following reasons. To start, neither the Motion nor this response memorandum has been filed under seal.  Moreover, along with the filing of the reply, GoDaddy filed a Notice of Filing a Motion under Seal (the "Notice").  The Notice, in compliance with Local Rule 5(C), informs the public of the filing of the Motion.  It also provides that any party or nonparty to this lawsuit may "submit memoranda in support of or in opposition to the [M]otion within seven (7) days after" the Motion has been filed and "may designate all or part of such memoranda as confidential."   Finally, it provides that, if a party or non-party wishes to object to the Motion, they must "file an objection with the Clerk within seven (7) days after the filing of the" Motion.  Because the Notice complies with Local Rule 5(C) and adequately informs members of the public of their ability to oppose the Motion, this Court should find that members of the public have received sufficient notice and an opportunity to be heard.

## II.      There Are No Less Drastic Alternatives to Sealing.

Sealing is the only viable method of preventing the disclosure of confidential information. As previously noted, Entri's agreements with the Current Clients and Former Client are subject to confidentiality provisions which, if violated, may result in Entri incurring civil liability.  There is also a significant risk that the disclosure of the Current Clients' and Prospective Clients' identities will damage their business relationship with Entri and enable Entri's competitors to poach those clients.  *See Sims v. BB&T Corp.*, No. 1:15-CV-732, 2018 WL 3466945, at *3 (M.D.N.C. July 18, 2018) (granting motion to seal customer names because the movant had a "compelling business interest" in "limiting a competitor's ability to target the [movant's] customers"); *accord Primus Grp., Inc. v. Inst. for Env't Health, Inc.*, 395 F. Supp. 3d 1243, 1269 (N.D. Cal. 2019) (noting that movant provided a "compelling reason to seal" certain client emails because, *inter alia*, the "revealing" of the identities of "customers and the specific services provided to them would harm its competitive standing").

Redaction of the names of the Current Clients and Former Clients is narrowly tailored to the purpose of protecting confidential information.  Indeed, this Court has recognized that a "proposal to redact only the . . . confidential information, rather than seal the entirety of [a document], constitutes the least drastic method of shielding the information at issue."  *Navient Sols., LLC v. L. Offs. of Jeffrey Lohman, P.C.*, No. 119CV461LMBTCB, 2020 WL 13609407, at *1 (E.D. Va. July 21, 2020).  Where, as here, GoDaddy has merely redacted the names of the Current Clients, Prospective Clients, and Former Client and has not requested the wholesale

sealing of its reply in support of its motion to dismiss, the relief requested in the Motion is narrowly tailored to protect the disclosure of confidential information.[1]

III.     **The Proposed Order Contains Adequate Factual and Legal Findings.**

The proposed order for the Motion contains sufficient factual and legal findings to support the grant of the Motion.  The proposed order also notes that, while the sealing will not expire on a date certain, the public and the parties may move to unseal the unredacted version of the motion to dismiss the Amended Complaint if the clients become material witnesses to the instant litigation. Because the factual and legal findings in the proposed order justify the sealing request, Entri requests that this Court grant the Motion.

IV.     **The Requested Relief Aligns with the Relief Already Granted by the Court as for the Original Complaint and FAC.**

The relief sought by Entri here is substantially the same as the relief it already sought as it pertained to the original Complaint, *see* ECF Nos. 6, 7, 8, the FAC, *see* ECF No. 24, and the Brief in Support of the Motion to Dismiss, *see* ECF No. 45, 47.  The Court granted Entri's Motion to Seal Unredacted Version of the Complaint, *see* ECF No. 16, and its Motion to Seal Unredacted Version of the First Amended Complaint, *see* ECF No. 28.  The Court also granted GoDaddy's Motion to Seal its Brief in Support of its Motion to Dismiss, *see* ECF No. 59.  The proposed order and relief sought in this Motion are the same in every material way as the relief already sought and granted by this Court.  The Court should take the same action here.

CONCLUSION

The Court should grant the Motion.

---

[1] The sealing of the identities of clients is especially warranted here where the public interest in the information sought to be sealed is trivial.  The clients are not parties to the lawsuit, and their identification will not help the public understand the claims in this lawsuit.

Dated: September 17, 2024

Respectfully submitted,

ENTRI LLC

By Counsel:

*/s/ Nicholas J. Giles*
Nicholas J. Giles (Va. Bar No. 86584)
Garrett H. Hooe (Va. Bar No. 83983)
W. Cole Geddy (Va. Bar No. 93511)
Joshua D. Wade (Va. Bar No. 92588)
Thomas C. Watson (*pro hac vice*)
MCGUIREWOODS LLP
Gateway Plaza
800 East Canal Street
Richmond, VA 23219
Tel.: (804) 775-4760
Fax.: (804) 698-2040
ngiles@mcguirewoods.com
ghooe@mcguirewoods.com
cgeddy@mcguirewoods.com
jwade@mcguirewoods.com
twatson@mcguirewoods.com

Corinne S. Hockman (*pro hac vice*)
MCGUIREWOODS LLP
501 Fayetteville Street
Suite 501
Raleigh, NC 27601
Tel.: (919) 755-6572
Fax.: (919) 835-5943
chockman@mcguirewoods.com
*Counsel for Plaintiff Entri LLC*

## **<u>CERTIFICATE OF SERVICE</u>**

I certify that on the 17th day of September, 2024, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which sends an electronic copy of the foregoing to all counsel of record in this case.

*/s/ Nicholas J. Giles*