IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| ENTRI LLC,<br><br>   *Plaintiff*,<br><br>v.<br><br>GODADDY.COM, LLC,<br><br>   *Defendant*. | Civil Action No. 1:24-cv-00569 |

**RESPONSE TO MOTION TO SEAL UNREDACTED VERSION OF GODADDY'S REPLY IN SUPPORT OF ITS MOTION TO AMEND ITS ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS AND EXHIBITS**

Plaintiff Entri, LLC ("Entri"), by counsel, states as follows in response to GoDaddy.com, LLC's ("GoDaddy") Motion to Seal Unredacted Version of its Reply in Support of its Motion to Amend its Answer, Affirmative Defenses, and Counterclaims and Exhibits (the "Motion"):

In its motion to amend and attached exhibits, GoDaddy references several categories of information that should remain sealed: (1) internal Entri communications regarding the company's business strategy for responding to GoDaddy's efforts to block it (Reply Brief, Exhibits P and Q); (2) communications between Entri and its customers, including a document referencing such communications (Exhibits R and V); and (3) Entri's responses to GoDaddy's first interrogatories, which identify and extensively discuss Entri's customers and customer relationships (Exhibit W). Entri seeks the Court's permission to seal these categories of its confidential information.

Exhibits P and Q to GoDaddy's reply to its motion to amend contain information related to Entri's business strategy for responding to GoDaddy's efforts to block it, including information related to specific current Entri customers. The details contained in these exhibits—as opposed to the publicly-filed portions of GoDaddy's reply to its motion to amend—are unnecessary to the

1

public's understanding of the issues presented in the motion to amend but would cause significant competitive harm to Entri if disclosed.

The sealed, unredacted version of GoDaddy's reply to its motion to amend and Exhibits R, V, and W identify and reveal details about certain of Entri's current clients. Because Entri signed confidential agreements with the Current Clients, the identification of those clients in public-facing documents may result in civil liability to Entri. Furthermore, the disclosure of the names of the Current Clients to the public will likely result in significant, competitive harm to Entri and injure Entri's business relationships with those clients. Moreover, the Court has already recognized the ultimate propriety of sealing the requested information when it granted a similar requests. *See, e.g.*, ECF Nos. 16, 28.

For all these reasons, Entri asks this Court to grant the Motion.

## LEGAL STANDARD

"In determining whether judicial records should be kept under seal, courts consider 'whether the records are sought for improper purposes, such as promoting public scandals or unfairly gaining a business advantage; whether release would enhance the public's understanding of an important historical event; and whether the public has already had access to the information contained in the records.'" *In re Reporters Comm. for Freedom of the Press to Unseal Crim. Prosecution of Assange*, 357 F. Supp. 3d 528, 533 (E.D. Va. 2019). In assessing whether a motion to seal should be granted, this Court must: "(1) give public notice of the request to seal and allow interested parties a reasonable opportunity to object, (2) consider less drastic alternatives to sealing the documents, and (3) provide specific reasons and factual findings supporting its decision to seal the documents and for rejecting the alternatives." *Ashcraft v. Conoco, Inc.*, 218 F.3d 282, 288 (4th Cir. 2000).

**ARGUMENT**

**I.    GoDaddy Has Provided Sufficient Public Notice of the Motion.**

GoDaddy has provided the public adequate notice of the Motion for the following reasons. To start, neither the Motion nor this response memorandum has been filed under seal. Moreover, along with the filing of the Motion, GoDaddy filed a Notice of Filing a Motion under Seal (the "Notice," ECF No. 241). The Notice, in compliance with Local Rule 5(C), informs the public of the filing of the Motion. It also provides that any party or nonparty to this lawsuit may "submit memoranda in support of or in opposition to the [M]otion within seven (7) days after" the Motion has been filed and "may designate all or part of such memoranda as confidential." Finally, it provides that, if a party or non-party wishes to object to the Motion, they must "file an objection with the Clerk within seven (7) days after the filing of the" Motion. Because the Notice complies with Local Rule 5(C) and adequately informs members of the public of their ability to oppose the Motion, this Court should find that members of the public have received sufficient notice and an opportunity to be heard.

**II.   There Are No Less Drastic Alternatives to Sealing.**

Sealing is the only viable method of preventing the disclosure of confidential information. As previously noted, Entri's agreements with the Current Clients are subject to confidentiality provisions which, if violated, may result in Entri incurring civil liability. There is also a significant risk that the disclosure of the Current Clients' identities will damage their business relationship with Entri and enable Entri's competitors to poach those clients. *See Sims v. BB&T Corp.*, No. 1:15-CV-732, 2018 WL 3466945, at *3 (M.D.N.C. July 18, 2018) (granting motion to seal customer names because the movant had a "compelling business interest" in "limiting a competitor's ability to target the [movant's] customers"); *accord Primus Grp., Inc. v. Inst. for*

3

*Env't Health, Inc.*, 395 F. Supp. 3d 1243, 1269 (N.D. Cal. 2019) (noting that movant provided a "compelling reason to seal" certain client emails because, *inter alia*, the "revealing" of the identities of "customers and the specific services provided to them would harm its competitive standing").

Likewise, information related to Entri's business strategy and its response to GoDaddy's efforts to block it, can only be adequately protected by sealing the documents containing such information. The exhibits to GoDaddy's reply to its motion to amend are "unnecessary to the public's understanding of the issues presented . . . and do[] not bear on important matters of public interest." *Vamsi Nallapati & IGM Surfaces, LLC v. Justh Holdings, LLC*, 637 F. Supp. 3d 357, 364 (E.D.N.C. 2022). However, disclosure of the information contained in the exhibits would create a significant risk of competitive harm to Entri. *See Level 3 Commc'ns, LLC v. Limelight Networks, Inc.,* 611 F. Supp. 2d 572, 577 (E.D. Va. 2009).

**III.    The Attached Proposed Order Contains Adequate Factual and Legal Findings.**

Entri submits a proposed order for the Motion that contains sufficient factual and legal findings to support the grant of the Motion. Because the factual and legal findings in the proposed order justify the sealing request, Entri requests that this Court grant the Motion.

CONCLUSION

The Court should grant the Motion.

Dated: January 16, 2025                             Respectfully submitted,

                                                                           ENTRI LLC

                                                                           By Counsel:

                                                                            */s/ W. Cole Geddy*
                                                                           Nicholas J. Giles (Va. Bar No. 86584)
                                                                           Garrett H. Hooe (Va. Bar No. 83983)
                                                                           W. Cole. Geddy (Va. Bar No. 93511)

Joshua D. Wade (Va. Bar No. 92588)
Thomas C. Watson (*pro hac vice*)
MCGUIREWOODS LLP
Gateway Plaza
800 East Canal Street
Richmond, VA 23219
Tel.: (804) 775-4760
Fax.: (804) 698-2040
ngiles@mcguirewoods.com
ghooe@mcguirewoods.com
cgeddy@mcguirewoods.com
jwade@mcguirewoods.com
twatson@mcguirewoods.com

Corinne S. Hockman (*pro hac vice*)
MCGUIREWOODS LLP
501 Fayetteville Street, Suite 500
Raleigh, NC 27601
Tel.: (919) 755-6572
Fax: (919) 755-6699
chockman@mcguirewoods.com

*Counsel for Plaintiff Entri LLC*

## **CERTIFICATE OF SERVICE**

I certify that on the 16th day of January, 2025, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which sends an electronic copy of the foregoing to all counsel of record in this case.

                                                        */s/ W. Cole Geddy*